FILED
CLERK, U.S. DISTRICT COURT
2/29/2016
CENTRAL DISTRICT OF CALIFORNIA
BY: GR DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEREASE SHANTA SCOTT DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV 15-01838-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.

## INTRODUCTION

Plaintiff Cherease Shanta Scott Daniels ("Plaintiff") challenges the Commissioner's denial of her application for supplemental security income ("SSI") following an administrative law judge's ("ALJ") decision that Plaintiff was not under a disability within the meaning of the Social Security Act.[1] Administrative

---

[1] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

Record ("AR") 22. For the reasons stated below, the decision of the Commissioner is REVERSED and the action is REMANDED for further proceedings consistent with this Order.

## II.
## PROCEEDINGS BELOW

On December 29, 2011, Plaintiff applied for SSI alleging disability beginning on June 29, 2011 (her alleged onset date ("AOD")). AR 22. Plaintiff's claim was denied first on August 9, 2012. *Id*. Plaintiff then requested an administrative hearing before an ALJ, which occurred on June 6, 2013. *Id*. Plaintiff testified at the hearing, and was represented by counsel. *Id*. A vocational expert (VE) also testified. *Id.* On July 17, 2013, the ALJ found that Plaintiff was not disabled. *Id.* at 24, 30. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. *Id.* at 1–4. Plaintiff filed the instant action in this Court on March 12, 2015. Dkt. No. 1.

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled. 20 C.F.R. §§ 404.1520, 416.920; *see also Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date. AR 24. At **step two**, the ALJ found the medical evidence established that Plaintiff had the following severe impairments: depression and anxiety. *Id.* At **step three**, the ALJ found Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* at 25.

Before proceeding to step four, the ALJ found that Plaintiff possessed the residual functional capacity ("RFC") to "perform a full range of work at all exertional levels but with the following nonexertional limitations: simple work; limited public, coworker and supervisor contact." *Id.* at 26. At **step four**, the ALJ
///

found that Plaintiff is capable of performing her past relevant work as a cleaner and thus that she was not disabled pursuant to the Social Security Act. *Id.* at 29-30.

## III.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence, and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). Substantial evidence is more than a mere scintilla but less than a preponderance. *Id.* at 459. It is relevant evidence that a reasonable person might accept as adequate to support a conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). Inferences drawn from the record may serve as substantial evidence, but only when *reasonably* drawn. *See Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006).

To determine whether substantial evidence supports a finding, the Court must consider the record as a whole, weighing evidence that supports *and* detracts from the ALJ's conclusion. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citation omitted). If evidence can reasonably support either affirming or reversing the ALJ's finding, the reviewing court may not substitute its judgment for that of the ALJ. *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006).

The Court may review only the reasons stated in the ALJ's decision, and may not affirm on a ground on which the ALJ did not rely. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the … nondisability determination.'" *Robbins*, 466 F.3d at 885 (quoting *Stout v. Comm'r*, 454 F.3d 1050, 1055 (9th Cir. 2006)).

///

# IV.

# DISCUSSION

It is undisputed by the parties that Plaintiff has severe mental impairments. The ALJ found, at step two, the severe mental impairments of depression and anxiety. Both the ALJ's decision and the medical records show Plaintiff has been diagnosed with paranoid schizophrenia, agoraphobia, recurrent major depression, and schizoaffective disorder with global assessment of functioning ("GAF") scores ranging from as low as 20 to as high as 60 during the period covered in the record. During the same relevant time period, Plaintiff was placed on an involuntary psychiatric hold and subsequently transferred to a psychiatric facility for treatment. She has been prescribed anti-depressant and anti-psychotic medication and been in psychotherapy.

At dispute between the parties is: (1) whether the ALJ appropriately evaluated the opinions of treating psychiatrist Dr. Matthew Pirnazar; and (2) whether the ALJ set forth a legally sufficient hypothetical to the VE. Memorandum in Support of Complaint ("Pl. Memo.") at 4-11; Defendant's Memorandum in Support of Defendant's Answer ("Def. Memo.") at 2-9.

**A.     The ALJ Failed To Give Appropriate Weight to Dr. Pirnazar's Opinion**

Plaintiff contends that the ALJ erred by failing to provide clear and convincing reasons supported by substantial evidence for rejecting the uncontradicted opinion of Dr. Pirnazar. Pl. Memo. at 4. The Commissioner responds that the ALJ permissibly found that (1) Dr. Pirnazar's opinion was not supported by the medical evidence; (2) Dr. Pirnazar's opinion was less reliable because he had seen Plaintiff only three times; and (3) that Dr. Pirnazar's opinion should be discounted because Dr. Pirnazar expressed that he would support Plaintiff in her social security disability claim. Def. Memo. at 2-8.

///

///

4

1. Medical History

The ALJ's decision lays out a comprehensive summary of Plaintiff's psychological medical history:

> The claimant's medical record shows that she visited her primary care physician, Dr. Irene Oladokun, at Kaiser Permanente in November 2011 with complaints of depression []. She reported to have depressive symptoms including depressed mood, . . ., feelings of worthlessness, and poor self-esteem []. She was diagnosed with major depression, recurrent []. She initially declined medication for depression in November 2011 but later agreed to start medication in December 2011 []. She was first prescribed with Paxil with no good result and was later prescribed with Xanax and Trazodone [].
>
> The record also shows that the claimant briefly visited Inland Psychiatric Medical Group in December 2011 and January 2012 and was diagnosed with major depressive disorder, recurrent, severe without psychotic features, posttraumatic stress disorder and anxiety disorder, not otherwise specified, with a global assessment of functioning (GAF) score of 45 [].
>
> Despite her complaints of depression, the record shows that the claimant did not start her mental health treatment and therapy until November 2012 []. She underwent individual psychotherapy sessions with a staff licensed clinical social worker and medication management sessions with staff psychiatrist Dr. Matthew R. Pirnazar at Kaiser Permanente [].
>
> In December 2012, she complained of having anxiety and depression and being nervous around people and very forgetful []. She also complained of schizophrenia with reports of auditory and visual hallucinations, paranoia, irritability, mood swings, racing thoughts,

depression and sad mood, crying spells, . . . . She was diagnosed with major depression, recurrent, severe with psychosis, anxiety, psychotic disorder, and paranoid schizophrenia [].

On March 20, 2013, the claimant was brought to the emergency department at Kaiser Permanente by her daughter due to depression and suicidal ideation []. She was place[d] in an involuntary psychiatric hold pending transfer to a psychiatric hospital []. On March 21, 2013, she was transferred to Canyon Ridge Hospital []. The claimant reported that she has a history of depression on and off since childhood but has recently become increasingly depressed []. She also has a history of psychotic symptoms independent and concurrent with mood disorder symptoms, . . . . She was diagnosed with schizoaffective disorder, depressed, panic disorder with agoraphobia, generalized anxiety disorder, posttraumatic disorder with a GAF score of 20 upon admission [].

After the claimant was discharged from the psychiatric hospital, she resumed her therapy at Kaiser Permanente []. During an individual psychotherapy in April 2013, she was diagnosed with paranoid schizophrenia, recurrent major depression, and schizoaffective disorder with a GAF score of 41-51 in the past 12 months.

AR 27-28.

2.  Dr. Pirnazar's Opinion

On April 22, 2013, Dr. Pirnazar, a psychiatrist at Kaiser Permanente, completed a mental residual functional capacity questionnaire. (AR 28, 1062-67.) The questionnaire asked the physician to "rate your patient's mental abilities to function independently, appropriately, effectively and on a sustained, consistent, useful and routine basis, without direct supervision or undue interruptions or

distractions – 8 hours per day, 5 days per week – in a regular, competitive work setting for more than six consecutive months." AR 1064.

On the questionnaire, Dr. Pirnazar stated that Plaintiff's diagnosis was schizophrenia and that her prognosis was "guarded." AR 1063. In evaluating Plaintiff's mental abilities over a spectrum of categories, Dr. Pirnazar overwhelmingly rated Plaintiff as a Category IV, the most restricted category – defined as "precluded performance for 15% or more of an 8-hour work day." AR 1064. Additionally, Dr. Pirnazar rated Plaintiff as "[m]ore than 30%] precluded from performing an 8-hour work day, 5 days a week in a competitive environment (again the most restricted rating). AR 1066. And Dr. Pirnazar rated Plaintiff as likely to be absent from work "5 days or more" (the highest absenteeism category) as a result of her mental impairments. AR 1066. Finally, on a scale of less than 50% to 100%, Dr. Pirnazar rated Plaintiff as being 60% as efficient as the average worker in her ability to perform a job eight hours per day, five days per week on a sustained basis. AR 1066.

3. ALJ's Decision

After summarizing Plaintiff's psychological medical history, the ALJ described Dr. Pirnazar's evaluation, including Dr. Pirnazar's mental residual functional capacity assessment:

> [Dr. Pirnazar] diagnosed the claimant with schizophrenia with a GAF score of 60 []. He stated that the claimant presently takes Risperidone, Trazodone, Lamictal and Zoloft but experiences side effects from her medications such as fatigue and cognitive slowing []. Dr. Pirnazar also stated that the claimant's prognosis is guarded and opined that the claimant is unable to obtain and retain work in a competitive work setting for 8 hours per day, 5 days per week, and for a continuous period of at least six months because of her medical impairments and physical and/or mental limitations.

> . . .
>
> Dr. Pirnazar opined that the claimant's mental impairments preclude her performance of using her mental abilities in understanding, sustained concentration and memory and adaptation for 15% or more of an 8-hour workday [].  As for social interaction, Dr. Pirnazar opined that the claimant's mental impairments preclude her performance for ranging from 5% to 15% or more of an 8-hour workday [].  In addition, Dr. Pirnazar opined that the claimant is likely to be absent from work or unable to complete an 8-hour workday for 5 days or more per month as a result of her physical and/or mental impairments and/or her need for ongoing periodic medical treatment and care for them.

AR 28.

The ALJ gave less weight to Dr. Pirnazar's opinions finding they were "not fully supported by the objective evidence." AR 29.  The ALJ identified two reasons for according less weight to Dr. Pirnazar's opinion.  First, the medical records indicated that Dr. Pirnazar had only seen the claimant three times - - in December 2012, January 2013, and April 2013 - - prior to preparing the questionnaire.  Second, the ALJ concluded that Dr. Pirnazar provided his opinions and assessment regarding Plaintiff's functional limitations "in order to help her get the disability benefits." AR 29.

    4.    <u>Pertinent Law</u>

In Social Security cases, courts give varying degrees of deference to medical opinions depending on the type of physician who provides the opinion: (1) "treating physicians" who examine and treat; (2) "examining physicians" who examine but do not treat; and (3) "non-examining physicians" who neither examine nor treat. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009).  Most often, the opinion of a treating physician is given greater weight than the opinion of

a non-treating physician, and the opinion of an examining physician is given greater weight than the opinion of a non-examining physician. *See Garrison v. Colvin,* 759 F.3d 995, 1012 (9th Cir. 2014). When a treating physician's opinion is contradicted by another opinion, the ALJ may only reject it by providing specific and legitimate reasons supported by substantial evidence in the record. *Orn,* 495 F.3d at 633. When a treating physician's opinion is uncontradicted by another opinion, the ALJ may only reject it by providing clear and convincing reasons. *Shafer v. Astrue*, 518 F.3d 1067, 1069 (9th Cir. 2008); *see also Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (same). The clear and convincing standard is the most demanding required in Social Security cases. *Moore v. Commissioner v. Social Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002).

     5.    <u>Analysis</u>

          a.  *Weight to Give Dr. Pirnazar's Opinion*

In determining how much weight to give a treating physician's medical opinion, the ALJ must consider certain factors, including:

> Length of the treatment relationship and the frequency of examination. Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source.
>
> Nature and extent of the treatment relationship. Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion. We will look at the treatment the source has provided and at the kinds and extent of examinations and testing the source has performed or ordered

9

>from specialists and independent laboratories. . . . When the treating
>source has reasonable knowledge of your impairment(s), we will give
>the source's opinion more weight than we would give it if it were from
>a nontreating source.

20 C.F.R. § 404.1527(c)(2)(i) & (ii); *see also* Social Security Ruling ("SSR") 96-2p.[2]

First, the Court notes that it is undisputed by the parties that Dr. Pirnazar's opinion is uncontradicted in the record and thus looks for clear and convincing reasons in the ALJ's decision for discounting his opinion. With respect to the length of Dr. Pirnazar's treatment of Plaintiff, while Dr. Pirnazar's relationship with Plaintiff was not a lengthy one that spanned years, it is not *per se* too brief a period to disqualify him as a treating physician whose opinion is, or at least may be entitled to, deference. *See Tamburro v. Astrue*, No. CV 08-4417-AJW, 2010 WL 129680, at *2 (C.D.Cal. Jan. 8, 2010) (treating physician who had been seeing claimant for six weeks still qualified as treating source); *Ghokassian v. Shalala*, 41 F.3d 1300, 1303 (9th Cir. 1994) (holding that a physician was the claimant's treating physician, and thus his conclusions were entitled to deference, where the claimant saw physician twice within a 14-month period, saw no other doctors during that period, requested that the physician treat him, and the physician referred to the claimant as "my patient"). Further, a review of Dr. Pirnazar's reports and notes show a familiarity with Plaintiff's medical history. *See Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) (rejecting ALJ's disregard of a treating physician who had just recently assumed treatment of the claimant because

---

[2] SSR 96-2p requires that treating physicians' opinions be assessed in accordance with the criteria set forth in the regulations of 20 C.F.R. § 404.1527 and 416.927: (1) examining relationship; (2) treatment relationship; (3) length of treatment relationship and the frequency of examination; (4) nature and extent of the treatment relationship; (5) supportability; (6) consistency; (7) specialization. 20 C.F.R. § 404.1527.

the assessment was based, in part, on knowledge of claimant's medical history).

Accordingly, the Court finds that there is no substantial evidence to support the ALJ's reason for rejecting Dr. Pirnazar's opinion based on length of treatment.

Further, in light of Dr. Pirnazar's qualifications and specialization, attaching less weight to Dr. Pirnazar's opinion was also error, under 20 C.F.R. § 404.1527(c)(2)(ii), which instructs that "the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion." The record shows that Dr. Pirnazar is a treating psychiatrist (AR 1067), his records and correspondence come from Kaiser Permanente's Department of Psychiatry (AR 1083), and he is documented as initially prescribing Plaintiff Xanax and Abilify (AR 1088) and later Risperdal and Zoloft (AR 1236) (among other medications), all of which are antidepressant or antipsychotic medication. *See Benton v. Barnhart*, 331 F.3d 1030, 1039 (9th Cir. 2003) (citing to psychiatrist's qualifications and specialization as reason why psychiatrist's opinion should fall into "treating physician" category, notwithstanding that the length of treatment placed the psychiatrist "relatively low" on the continuum of treating physicians in this respect).

Here, Dr. Pirnazar's opinion is clearly entitled to more weight than that of an ordinary examining or reviewing physician, because he was following Plaintiff concerning the medical issues that are the basis for her application for disability benefits, and based on the record, was continuing to follow her at the time of her administrative hearing.

b. *Dr. Pirnazar's Support of Plaintiff's Disability Claim*

The ALJ also discounted Dr. Pirnazar's opinion because Dr. Pirnazar supported Plaintiff in her claim for disability benefits.

The Ninth Circuit has held that "'[t]he purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them' unless there is additional evidence demonstrating impropriety." *Case v. Astrue*, 425 Fed. Appx.

11

565, 566 (9th Cir. 2011) (citing *Lester*, 81 F.3d at 832, and *Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998)). An ALJ commits error when she discounts a treating physician's RFC because it was completed "for obvious litigious purposes" where there was no identified evidence demonstrating impropriety. *Id.* Further, the Commissioner may not assume that treating physicians routinely lie in order to help their patients collect disability benefits. *Wentworth v. Barnhart*, 71 Fed. Appx. 727, 729 (9th Cir. 2003) (citations omitted).

Here, the Court finds the ALJ erred in discounting Dr. Pirnazar's opinion because he supported Plaintiff's claim for disability benefits. While the Commissioner "may introduce evidence of actual improprieties," *Ratto v. Secretary*, 839 F.Supp. 1415, 1426 (D. Or. 1993), no such evidence exists in the record.[3]

**B.      Remand Is Appropriate**

The Court has discretion to decide whether to remand for further proceedings or order an immediate award of benefits. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Under the credit-as-true rule, the court should remand for an award of benefits if three conditions are met: "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Harman*, 211 F.3d at 1178. In this case, remand for further proceedings is the appropriate remedy. As discussed above, the ALJ did not properly weigh Dr. Pirnazar's opinion. In addition, remand will allow the ALJ an opportunity to re-pose hypothetical questions to the VE in determining whether

---

[3] Because the Court finds that the ALJ erred in disregarding Dr. Pirnazar's opinions and that remand is appropriate for the ALJ to evaluate Plaintiff's RFC in light of Dr. Pirnazar's opinions and findings, the Court does not reach Plaintiff's second claim of error concerning the hypothetical posed to the VE.

Plaintiff can perform past relevant work and, if not, allow the matter to proceed to step five of the sequential-evaluation process. Accordingly, remand is appropriate.

## V.
## CONCLUSION

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: February 29, 2016

*Rozella A. Oliver*
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

## NOTICE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**

13